## Commonwealth *v.* Aston, Appellant (No. 1).

*Criminal law—Murder—Premeditation—Burglary — Robbery — Evidence.*

1. Where on the trial of an indictment for murder, it appears that the killing resulted from an attempt to commit a robbery or burglary, there is no burden on the commonwealth to establish by evidence a willful, deliberate and premeditated design to take life.

*Criminal law—Murder—Evidence—Good reputation.*

2. Evidence of good character is always admissible on the trial of an indictment for murder, and must be weighed and considered by the jury in connection with the other testimony in the case, and is to be regarded as evidence of a substantive fact like any other evidence tending to establish innocence. In some instances it may of itself create the reasonable doubt which will entitle the accused to an acquittal; but it does not of itself raise a distinct issue.

Argued Jan. 3, 1910. Appeal, No. 329, Jan. T., 1910, by defendant, from judgment of O. & T. Lancaster Co., April Sessions, 1909, No. 21, on verdict of guilty of murder of the first degree in case of Commonwealth v. Walter W. Aston. Before FELL, C. J., BROWN, MESTREZAT, POTTER, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Indictment for murder.  Before HASSLER, J.

At the trial it appeared that the prisoners, Walter W. Aston, Benjamin Aston and Paul Fornwalt were indicted for the murder of Alfred Hallman on January 31, 1909.  The evidence showed that the killing occurred while the prisoners were engaged in a burglary.

The defendant presented the following point:

10. In Pennsylvania, the crime of murder is distinguished into two grades, to wit, murder of the first degree and murder of the second degree.  The presumption of murder never rises higher than murder in the second degree.  There is no presumption of murder in the first degree, and, in order to allow a conviction of murder in the first degree, the commonwealth must prove, beyond a reasonable doubt, that the defendant has been guilty of murder in the first degree, and, in order to convict of murder in the first degree, there must be a deliberate intent on the part of the defendant to kill, and, also, he must have sufficient mind to comprehend the nature of the act at the time of the killing.  *Answer:* We refuse this point for the reason that in all cases there need not be a deliberate intent on the part of the defendant to kill to make it a case of first degree murder.  If the murder occurred in the commission or the attempt to commit robbery, arson, rape or burglary, or by poison it is murder in the first degree, regardless of whether the person charged with it has formed the intent to kill or not. [1]

The court charged, inter alia, as follows:

[And as the killing of Alfred Hallman occurred in the commission of an offense which he had premeditated and deliberated upon and formed a specific intent to commit, the intent of killing Alfred Hallman is not a vital question in this case.] [2]

Defendant presented this point:

8. Evidence of good character is material and substantive evidence in the cause, and may, of itself, reduce the crime from murder in the first degree to murder in the second degree. *Answer:* This point we affirm.  We have already said that to you.  We explain, however, that you must consider the evidence of character in connection with all the other testimony

in the case. It does not raise a distinct issue. If after considering it all you are satisfied beyond a reasonable doubt that the defendant is guilty of either murder in the first or murder in the second degree, you will say so by your verdict, for the fact that a man has previously borne a good character, and that fact having been given due consideration by you, is no reason why he should go free if he has been proven guilty beyond a reasonable doubt. [3]

The court charged, inter alia, as follows:

[Evidence of reputation does not present a distinct issue. It is to be considered by you in connection with all the other evidence in the case in passing upon the general issue. If upon consideration of the evidence of good reputation in connection with the other evidence in the case you are satisfied beyond a reasonable doubt of the guilt of the defendant, it is your duty to convict. When a man notwithstanding the fact that he previously had a good reputation, and giving that fact due weight, has been clearly proven guilty, he is not to go free simply because of his former good reputation.] [4]

Defendant presented these points:

2. In order to convict the defendant of murder in the first degree, the jury must find from the evidence, beyond a reasonable doubt, that the defendant deliberately conceived the idea of killing the decedent; that he meditated upon the thought of taking his life, and then upon a deliberately formed determination proceeded to commit the act. *Answer:* Refused. [5]

3. That in order to convict of murder in the first degree, the jury must find from the evidence in the case, beyond a reasonable doubt, that the mind of the defendant was not so affected by reason of drunkenness as to be incapable of such deliberate premeditation as is necessary to constitute murder in the first degree. *Answer:* Refused. [6]

4. To constitute proof beyond a reasonable doubt, such as will justify a conviction of murder in the first degree, the evidence must produce an abiding conviction in the minds of the jury, to a moral certainty, not only that Walter W. Aston fired the shot that caused the death of Alfred Hallman, but that his

mind was sufficiently clear and unbeclouded by drink to be able to form a willful, deliberate and premeditated design to kill, and that he did form such design. *Answer:* Refused. [7]

5. That in order to form a willful, deliberate and premeditated design to kill, the jury must believe from the evidence in the cause, beyond a reasonable doubt, that the mind of Walter W. Aston was conscious of the real nature of its purpose, and of the act of killing the decedent, and was capable of resisting the impulse to perpetrate the crime. *Answer:* Refused. [8]

6. If the jury do not find from the evidence in the cause, beyond a reasonable doubt, that there was a willful, deliberate and premeditated design on the part of Walter W. Aston to take the life of Alfred Hallman, then the grade of the offense cannot rise higher than murder in the second degree. *Answer:* Refused. [9]

7. That if the jury find that the defendant was at the time of the killing, excited by any degree of drunkenness, which produced a state of mind unfavorable to deliberation and premeditation, although not so excessive as to render him incapable of forming a deliberate purpose, this condition of mind must be taken into consideration by them in determining whether the killing was done with deliberation and premeditation. *Answer:* Refused. [10]

*Errors assigned* were (1–10) above instructions, quoting them.

*Charles G. Baker* and *B. F. Davis*, for appellant.

*J. W. Johnson*, district attorney, and *B. C. Atlee*, with them *Sumner V. Hosterman*, assistant district attorney, for appellee.

OPINION BY MR. JUSTICE ELKIN, February 14, 1910:

All of the questions raised by the assignments of error were fully considered and disposed of by the learned trial judge in an opinion filed when the motion for a new trial was refused. Little, if anything, can be added to what the court below has

so well stated in a comprehensive review of the facts and the law as presented at the trial. It is not necessary to discuss the several assignments of error because they are without substantial merit under the facts of the case and the law applicable thereto, as is clearly demonstrated in the opinion of the learned trial judge. As to the point that the trial judge erred in refusing to charge the jury that the burden was on the commonwealth to establish by evidence a willful, deliberate and premeditated design to take life, it need only be said that the killing in the present case resulted from an attempt to commit a robbery or burglary, and in such cases questions of deliberation and premeditation with intent to kill do not arise.

It is earnestly contended that the trial judge erred in instructing the jury as to the effect of the evidence offered to show previous good reputation, and that the instruction of the court disregarded the rule of our cases relating to evidence of this character. Com. v. Cate, 220 Pa. 138, and Com. v. House, 223 Pa. 487, are relied on to sustain this contention. In answer it may be said that these cases announce no new doctrine nor were they intended as a departure from the long-established rule applicable to evidence of good character in the trial of criminal cases. In Commonwealth v. Cate, the trial judge substantially instructed the jury that evidence of good character might be disregarded if from the other evidence in the case they were satisfied of the guilt of the defendant. This court held the instruction to be erroneous because such testimony is always admissible and is to be weighed and considered as evidence of a substantive fact and should be so regarded by both court and jury. In Commonwealth v. House, the facts were peculiar and the whole case turned on the identification of the defendant, who denied that he committed the crime charged or that he was near the place when the crime was committed. He was a stranger in the community, was by profession a teacher, did not know the woman who was stabbed on a public street, and no motive was shown for the act committed. The evidence of identification was conflicting and doubtful. The defendant stood alone upon his own testi-

mony and that of a number of representative and reputable persons who were called as witnesses to prove good reputation. It was a case in which the defendant was entitled to the benefit of the full weight of this kind of evidence.  On review this court was of opinion that under the instruction of the trial judge the testimony showing good character was not treated as evidence of a substantive fact which in a proper case might entitle the accused to an acquittal.  For this and other reasons stated in the opinion there was a reversal.  These cases were ruled on their own particular facts and were not intended to and did not modify or change the rule of the earlier cases. The rule of all the cases is that evidence of good character is always admissible and must be weighed and considered by the jury in connection with the other testimony in the case, and is to be regarded as evidence of a substantive fact like any other evidence tending to establish innocence.  In some instances it may of itself create the reasonable doubt which will entitle the accused to an acquittal.  In this view of the law, and there is no other, the learned trial judge was clearly within the rule in his answer to the defendant's eighth point which is made the third assignment of error.  The jury were instructed that evidence of good character must be considered in connection with all the other testimony in the case, but that it did not raise a distinct issue and in no case has it ever been held that it did raise a distinct issue.  The defendant was given the benefit of his evidence of good character, and there is nothing in this record about which he can justly complain.

Assignments of error overruled, judgment affirmed and it is ordered that the record be remitted to the court of oyer and terminer of Lancaster county for the purpose of execution.