## Commonwealth *v.* Doris, Appellant.

*Criminal law—Murder—Conspiracy to rob—Intention—Killing after attempt to escape—Interval—Voluntary act—Evidence—Attending circumstances—Case for jury.*

1. The proof of a common purpose to take by force the money of a bank, to carry it away, and make a safe escape, may be inferred from the attending circumstances, and whether such a criminal intent existed, is a question for the jury.

2. Where the parties to such a common purpose show, by their conduct and equipment, an intention to use as much force as may be necessary to accomplish their purpose, and, in furtherance of the common design, another is killed, all are guilty of the crime.

3. A conviction of murder of the first degree will be sustained, although it appears that, after the robbery was completed, and the conspirators were trying to effect their escape, an accomplice of defendant shot and killed deceased.

4. Whether the act of departing is a continuous part of the attempted or accomplished crime, is for the jury.

5. In such case defendant cannot set up as a defense that he had actually been caught and arrested after the retreat began, and that the shot was fired after his seizure. Evidence of what occurred after the capture is admissible, for his liability remained until the enterprise agreed upon had been concluded.

6. Defendant cannot escape responsibility for an act which is the natural consequence of the criminal scheme which he had helped to devise and carry forward.

7. To justify this defense there must be such appreciable interval between an alleged abandonment and the act from responsibility for which escape is sought as to give sufficient time to the others to do likewise.

8. The abandonment must be the defendant's voluntary act.

Argued November 22, 1926.   Before Moschzisker,
C. J., Frazer, Walling, Simpson, Kephart, Sadler and
Schaffer, JJ.

Appeal, No. 308, Jan. T., 1926, by defendant, from
judgment of O. & T. Phila. Co., May T., 1926, No. 258, on
verdict of guilty of murder of first degree, in case of
Commonwealth v. Frank Doris, alias Frank Fox, alias
Frank Davis.   Affirmed.

Indictment for murder.   Before Davis, J.

The opinion of the Supreme Court states the facts.

Verdict of guilty of murder of first degree with death
penalty, on which sentence of death was passed.   De-
fendant appealed.

*Errors assigned* were various rulings and instructions,
quoting record.

*Henry Stevenson* and *C. Stuart Patterson, Jr.,* with
them *Louis T. McCabe,* for appellant.—Where a robbery
has been committed, but the plunder has been aban-
doned, the attempt discontinued, and the robbers are in
flight, and one of them is arrested and thereafter sepa-
rated from the entire transaction, evidence of what oc-
curred during the continued flight of his accomplices in
the robbery, and out of his presence, after his arrest, are
not admissible against him on a charge of murder.

The court erred in its charge on the question of rea-
sonable doubt.

*Charles Edwin Fox,* District Attorney, with him
*Charles I. Thompson,* Assistant District Attorney, for
appellee.—The escape is part of the res gestæ of a felony:
Conrad v. State, 75 Ohio St. 25; State v. Brown, 7 Ore.
186; Territory v. McGinnis, 10 N. M. 269; Com. v.
Brown, 90 Va. 671; McMahon v. People, 189 Ill. 222;
Francis v. State, 104 Neb. 5; Bissott v. State, 53 Ind.
408; Hedrick v. State, 40 Tex. Cr. 532; Holmes v.

State, 6 Col. Cr. 541; State v. Williams, 28 Nev. 395; Com. v. Lessner, 274 Pa. 108.

The joint stand to resist arrest to the death renders the appellant liable for the ensuing homicide.

Appellant's arrest does not relieve him from the responsibility for the subsequent homicide: People v. Nichols, 230 N. Y. 221.

The court's charge, on the subject of reasonable doubt, was adequate and proper.

OPINION BY MR. JUSTICE SADLER, December 6, 1926:

The defendant was indicted with three others for murder, and, after a separate trial, convicted in the first degree. A history of the crime, and a statement of the part played therein by Doris, will be found in the opinion this day filed in Com. v. Bentley. A motion for a new trial was refused and sentence of death imposed. This appeal brings before us for consideration certain alleged trial errors.

It is insisted on behalf of Doris, and his codefendants Bentley and Juliana, that verdicts of first degree murder cannot be sustained, since the killing of officer Cooper was the result of a shot fired by Curry, the fourth of the bandits engaged in the holdup. The jury has found, under proper instructions, that all were parties to an agreement "to rob or to carry out the conspiracy to rob, and that officer Cooper was killed as the result of the carrying out of that unlawful purpose." This was the fact which the jury was advised in the charge of the court in the Doris Case—and like language appears in the Bentley and Juliana instructions—must be found beyond a reasonable doubt before a verdict such as was rendered could be justified.

The proof of the common purpose to take by force the money of the bank, carry it away, and make a safe escape, may be inferred from the attending circumstances. Whether such a criminal intent existed was a question for the jury, and the evidence warranted their conclu-

sion.   The defendants started upon their enterprise armed with guns and revolvers.   They had provided an automobile in which to flee, and had there stored an extra supply of ammunition.   From the moment of leaving their car they kept up a continuous volley of bullets, until their return to the auto, which they were unable to move.   They ran away together, continuing the fire. After going a short distance, Doris was taken, still armed, and the remaining three continued in the milk wagon using their deadly weapons until the shooting of the pursuing police officer.   All had loaded revolvers when taken, except Bentley, but he had made use of his until after the killing of Cooper.

There can be no question of the legal responsibility of the accomplice for the act committed by his coconspirators while the crime agreed upon is in the course of perpetration, for he is criminally liable for the natural consequences of the acts of his fellows under such circumstances.   Where the parties by their conduct show the intention to use such force as is necessary to accomplish their purpose, and, in furtherance of the common design another is killed, each is guilty of the crime: Com. v. Biddle, 200 Pa. 640; Com. v. Micuso, 273 Pa. 474; Com. v. Robb, 284 Pa. 99; Weston v. Com., 111 Pa. 251.

It is urged that the escape and flight are not to be considered as part of the perpetration of the robbery, which, it is claimed, had been completed when the stolen money was deposited in defendants' car, and thereafter no responsibility attached to any individual for the act of the other.   Authorities are to be found in New York which support the suggested distinction.   Even in that state it is held in People v. Marwig, 227 N. Y. 382, relied upon by appellants here, and Ruloff v. People, 45 N. Y. 213, that defendant is not exempt where the facts show a conspiracy not only to rob, but also to carry away the plunder and escape, a situation which the jury has determined was present in this case.

The Pennsylvania rule finds expression in Com. v. Lawrence, 282 Pa. 128, 132, where the court says, in part: "Though the forcible stealing technically may be complete, if the homicide is committed while the actor is engaged in one of the elements incident to the crime, as, for illustration, an escape or flight, the killing is referable to the robbery." Whether the act of departing is a continuous part of the attempted or accomplished crime is for the jury: Com. v. Major, 198 Pa. 290. See also, Brooks v. Com., 61 Pa. 352; Com. v. Lessner, 274 Pa. 108. There was no break here in the continuity of events from the original attack to the shooting of Cooper (Com. v. Morrison, 266 Pa. 223), and the purpose to secure a safe retreat at any cost is made evident by their providing an auto, so that flight could be effected, and by the constant firing of each and all, until separately disarmed.

This measure of liability, where the crime is a part of one continuous act, is also recognized in many other jurisdictions: Conrad v. State, 75 Ohio 52; State v. Brown, 7 Or. 186; Romero v. State, 101 Neb. 650; State v. Williams, 28 Nev. 395. In some, where a like conclusion is reached, the decision is based on the ground that the facts showed a conspiracy to effect escape by use of any force necessary: State v. Klein, 97 Conn. 321; People v. Pool, 27 Cal. 573; State v. Morgan, 22 Utah 162; Territory v. McGinnis, 10 N. M. 269; McMahon v. People, 189 Ill. 222; Com. v. Brown, 90 Va. 671. In either view, the accomplice is held liable for the murder committed by the companion.

It is said, however, in the case of Doris, that as he had been seized by officers of the law shortly after the retreat began, therefore he cannot be held responsible for what later happened. This overlooks the fact that he joined in the common design, and is responsible for the acts of each naturally to be expected to occur in carrying it out. It is true that he could have abandoned the enterprise, and given sufficient time to the others to do

likewise, and thus have relieved himself from liability for subsequent acts of his fellows. But he cannot escape responsibility for an act which is the probable consequence of the criminal scheme which he has helped to devise and carry forward. To have this result, there must be an actual and effective voluntary withdrawal before the act in question has become so imminent that its avoidance is practically out of the question: State v. Klein, supra; People v. Chapman, 224 N. Y. 463; People v. Nichols, 230 N. Y. 221.

In the last-cited case the controlling rule is thus stated: "Whatever may be the other requirements of an effective abandonment of a criminal enterprise......there must be some appreciable interval between the alleged abandonment and the act from responsibility for which escape is sought......The process of detachment must be such as to show not only a determination upon the part of the accused to go no further, but also such as to give his coconspirators a reasonable opportunity, if they desire, to follow his example and refrain from further action before the act in question is committed."

To effect the result contended for, and absolve from the consequences of the criminal acts undertaken, the withdrawal must have been his voluntary act. That cannot be said to have been the case here. Doris was the one who had wounded the police guard according to the statement of the latter, and continued to shoot while retreating, as did his fellows. The fact that the fatal shot was fired after his seizure by two citizens, followed later by arrest, will not relieve him from responsibility. It was proper to permit testimony to show what occurred after the capture of defendant, for, as we have already noticed, his liability remained until the enterprise agreed upon had been concluded, and the assignments of error, complaining of such admission, as well as of the refusal to strike such testimony from the record, are without merit.

The tenth point presented by defendant was covered by the charge, and was neither affirmed nor refused, because it was a mere repetition of what had already been said. Assignment fourteen complains of the refusal of the eighth point, which asks instructions as to reasonable doubt. The request could well have been rejected as too obscure and uncertain in meaning. The instruction apparently desired was amply presented in the charge to the jury.

Other errors alleged are duplications of those already considered, except the first two, which complain of the allowance of challenges for cause of two prospective jurors. The same objection was made to like rulings in the Bentley Case, where the question raised is decided adversely to the appellant's contention.

The evidence disclosed the presence of all the elements necessary to conviction of first degree murder, and all of the assignments are overruled.

The judgment is affirmed, and it is directed that the record be remitted for the purpose of execution.