## Commonwealth *v.* Gilida, alias Gallagher, Appellant.

502

Argued September 26, 1932. Before FRAZER, C. J., SIMPSON, KEPHART, SCHAFFER, MAXEY, DREW and LINN, JJ.

*Charles D. McAvoy,* with him *Edward F. Kane,* for appellant.—The prosecuting attorney may not press upon the jury any deductions from the evidence that are not strictly legitimate. The prosecutor was not justified in stating that the murder was a gambler's racket, to prevent the invasion of their premises: Com. v. Nicely, 130 Pa. 261; Com. v. Bubnis, 197 Pa. 542.

*Samuel H. High,* Special Prosecutor appointed by the attorney general, for appellee.—The prosecutor is privileged to urge upon the jury a fact finding that is and will be a reasonable and justified inference or deduction from the evidence: Com. v. DelVaccio, 299 Pa. 548; Com. v. Smith, 270 Pa. 583.

OPINION BY MR. JUSTICE LINN, November 28, 1932:

This appellant, Michael Gilida, alias Michael Gallagher, was one of the four persons concerned in the murder of Ralph Spanish, described in the opinion this day filed in Com. v. Jacob Lehman, appeal No. 297, the preceding case. There is no material difference, as related to the questions raised on this appeal, between the evidence in the trials of this appellant and of Lehman. Gilida was employed by Lehman in his gambling place at Devon. He was present and participated, when Lehman, pointed his revolver at Fox, and, inquiring for Spanish, said, among other things, "I am going to kill him." During that occurrence appellant, in the words of Fox, stood beside him and "just pressed in on me and just edged in close" while Steiner (who has since pleaded guilty to murder in the second degree) "got hold of" Fox on the other side. While appellant testified that he was "standing about eight feet away" when the first shot was fired, the jury might have concluded from other evidence that, during the shooting, Gilida, sat at the wheel of Lehman's car, close to the occurrence, apparently, with the motor running, to facilitate escape. Immediately after the shooting, Lehman and Steiner got into the car, and Gilida drove them away; during the ride he threw away the revolver used by Lehman. He was engaged in executing their common purpose and is equally responsible: Com. v. Murrano, 276 Pa. 239, 242, 120 A. 106; Com. v. Doris, 287 Pa. 547, 550, 135 A. 313.

He makes the same complaints in this case that were made by Lehman in his appeal concerning (1) the appointment of a special attorney and his participation in the trial; (2) the admission of evidence as (a) res gestæ, (b) dying declarations, and (c) in rebuttal. What is said on those subjects in Com. v. Lehman is directly applicable to this record and therefore need not be repeated.

We cannot sustain the contention that the charge was "one-sided, partial to the Commonwealth, and inade-

quate as to the appellant......" Nor, for the reasons stated in Com. v. Lehman, and, apart from the fact that the jury found the appellant guilty of murder in the second degree only, can we sustain the objections made to that portion of the charge considering the duty of the jury to fix the penalty as provided in the Act of 1925.

Appellant makes one contention not presented by Lehman's trial; he contends that the court erred in refusing his motion to withdraw a juror when counsel for the Commonwealth, in his argument to the jury, said: "We have had homicides before, and probably too many. Murder is committed, members of the jury, in times of emotion, or probably from provocation, but this is not such a homicide. This is simply four men, all gamblers or engaged in gambling, carrying on what I contend to be a gambler's racket, determined that no other gambler shall invade their premises or threaten their game." It is difficult to understand the reason for appellant's contention; the men admitted that they were gamblers, so that characterization could not have been objectionable. It was not unfair argument, under the evidence, to suggest that the supposed theft of Lehman's and Steiner's slot machines in Conshohocken by another Conshohocken gambler, was a challenge that would probably result in retaliation, in "a gambler's 'racket.'" In Com. v. Del Giorno, 303 Pa. 509, 518, 154 A. 786, we said, in considering an objection of the same character: "There were circumstances tending to show this was a gang murder, hence the district attorney might not improperly so characterize it." See also Com. v. Cicere, 282 Pa. 492, 128 A. 446; Com. v. Massarelli, 304 Pa. 335, 156 A. 101; Com. v. Del Vaccio, 229 Pa. 547, 149 A. 696.

All the assignments of error have been considered in the light of the argument and are overruled.

Judgment affirmed.