# Commonwealth ex rel. Sampson, Appellant, *v.* Banmiller.

Argued November 28, 1961. Before BELL, C. J., JONES, COHEN, EAGEN and ALPERN, JJ.

*Martin Vinikoor,* with him *Vinikoor and Criden,* for appellant.

*Stanley M. Schwarz,* Assistant District Attorney, with him *Arlen Specter,* Assistant District Attorney, *Paul M. Chalfin,* First Assistant District Attorney, and *James C. Crumlish, Jr.,* District Attorney, for appellee.

OPINION PER CURIAM, January 2, 1962:

This is an appeal from a denial of a writ of habeas corpus. Appellant-relator was found guilty of murder in the first degree under the felony-murder rule by a court en banc in 1952, after having entered a plea of guilty, and was sentenced to life imprisonment. Although defendant was represented by counsel at the trial, there was no motion for a new trial and no appeal from the original sentence.

Appellant contends that he was denied due process under both the federal and state constitutions because:

(1)  He was not permitted to introduce evidence as to (a) his good reputation and (b) his capacity to possess the necessary intent to commit the crime, until he was adjudged guilty of murder in the first degree following his general plea of guilty, and (2)  There was a material mistake of fact as to his age in that he was only fifteen and a half years old at the time of the offense and sixteen at the time of trial, and he was re-

peatedly referred to throughout the trial as having been either seventeen or eighteen.

Appellant's arguments are without merit in a petition for a writ of habeas corpus. Both of the above reasons refer to trial errors and consequently should have been raised either then or on appeal. The lower court applied the proper rule that habeas corpus cannot be used as a substitute for an appeal, *Commonwealth ex rel. Johnson v. Myers,* 402 Pa. 451, 453, 167 A. 2d 295 (1961), cert. denied 366 U.S. 921, 6 L. Ed. 2d 243, 81 S. Ct. 1099 (1961); *Commonwealth ex rel. Bishop v. Maroney,* 399 Pa. 208, 210, 159 A. 2d 893 (1960), cert. denied 364 U.S. 846, 5 L. Ed. 2d 70, 81 S. Ct. 89 (1960), even though the reasons stated by relator are recognized as being reasons, which, in all likelihood, should have been worthy of consideration had they been raised on appeal, and are worthy of consideration in proceedings for clemency.

As we stated in the *Bishop* decision, supra, this court has not relaxed its rules relating to the issuance of habeas corpus as a substitute for an appeal. In the present case there is neither a mistake of law nor a mistake of important material facts constituting a denial of due process which, in the interests of justice, imperatively requires the allowance of the writ. See *Commonwealth ex rel. Elliott v. Baldi,* 373 Pa. 489, 493-494, 96 A. 2d 122 (1953), cert. denied 345 U.S. 976, 97 L. Ed. 1391, 73 S. Ct. 1125 (1953).

Order affirmed.