Commonwealth *v.* Sampson, Appellant.

559

Argued November 30, 1970. Before Bell, C. J., Jones, Cohen, Eagen, O'Brien, Roberts and Pomeroy, JJ.

*E. A. Weis,* Assistant Public Defender, with him *John W. Packel,* Assistant Public Defender, and *Vincent J. Ziccardi,* Defender, for appellant.

*James D. Crawford,* Deputy District Attorney, with him *T. Michael Mather* and *Milton M. Stein,* Assistant District Attorneys, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

Opinion by Mr. Justice Jones, December 29, 1971:
On September 30, 1953, appellant entered a plea of guilty to murder generally. Found guilty of first degree murder by a court en banc, he was sentenced to life imprisonment. There was no motion for a new trial and no appeal from the original sentence. Seven

years later appellant filed a petition for writ of habeas corpus which was denied on the narrow ground that habeas corpus cannot be employed as a substitute for an appeal. *E.g., Com. ex rel. Johnson v. Myers,* 402 Pa. 451, 167 A. 2d 295 (1961), *cert. denied,* 366 U.S. 921 (1961). On appeal we similarly affirmed the denial of relief on this procedural point. *Com. ex rel. Sampson v. Banmiller,* 406 Pa. 147, 176 A. 2d 430 (1962). In 1968, appellant sought relief under the provisions of the Post Conviction Hearing Act, Act of January 25, 1966, P. L. (1965) 1580, §1 *et seq.,* 19 P.S. §1180-1 *et seq.* (Supp. 1971), by alleging, *inter alia,* a violation of *Douglas v. California,* 372 U.S. 352 (1963). Following an evidentiary hearing, appellant was granted leave to file post-trial motions as though timely filed. These motions were filed, argued and denied; this appeal followed.

The evidence presented at the degree-of-guilt hearing reveals that appellant and two co-defendants conspired to rob a taxicab. Although there is some dispute, the evidence overwhelmingly demonstrates appellant's knowledge of the fact that one of his accomplices was armed with an automatic pistol. The three conspirators then engaged a taxicab, with appellant and another seated in the back seat while the actual slayer sat on the passenger's side in the front seat. After the cab driver had driven several miles, the "triggerman" brandished his weapon and ordered the cab driver to stop. Seconds later the cab driver was fatally wounded. Although appellant was not the actual killer, each individual was charged with murder under the felony murder rule.

In our view, appellant's principal contention is that his guilty plea was unintelligently entered since it was accompanied by testimony establishing a complete defense and should have been rejected. Despite an evi-

dentiary conflict, there is substantial evidence, if believed, that both appellant and his fellow conspirators in the back seat fled the cab immediately after the actual assailant ordered the cab driver to halt; appellant was allegedly thirty-five to fifty feet from the taxicab when he heard the shot. Before any examination of his testimony, we must first decide whether any exculpatory evidence would vitiate the guilty plea.

In *North Carolina v. Alford*, 400 U.S. 25 (1970), the Supreme Court was faced with the issue whether a guilty plea may be accepted when accompanied by the accused's testimony that he had not shot the victim. This question was answered in the affirmative: "while most pleas of guilty consist of both a waiver of trial and an express admission of guilt, the latter element is not a constitutional requisite to the imposition of criminal penalty. An individual accused of crime may voluntarily, knowingly, and understandingly consent to the imposition of a prison sentence even if he is unwilling or unable to admit his participation in the acts constituting the crime." 400 U.S. at 37. We had reached the same conclusion almost two years earlier in *Com. v. Cottrell*, 433 Pa. 177, 249 A. 2d 294 (1969). However, this language must be read in conjunction with *Com. v. Roundtree*, 440 Pa. 199, 202, 269 A. 2d 709, 711 (1970): "We think it is logical and correct that if a defendant pleads guilty to a criminal charge, and in the next breath controvenes the plea by asserting facts which, if true, would establish that he is not guilty, then his guilty plea is of no effect and should be rejected. For on its face, such a situation would show that the plea was not entered with a complete comprehension of the impact. [Citations omitted.] In other words, a defendant should not be allowed to plead 'guilty' from one side of his mouth and 'not guilty' from the other."

From these cases it is readly apparent that a guilty plea coupled solely with a flat denial of responsibility is entirely separate and distinct from a guilty plea accompanied by an assertion of facts establishing an affirmative defense; in the latter situation, it is error to accept the guilty plea. Owing to appellant's exculpatory evidence, this appeal properly fits within the *Roundtree* rationale. As in *Roundtree,* our next level of inquiry devolves upon an examination of the facts asserted by appellant and whether they constitute a valid defense.

By a host of opinions it is well established that if a homicide occurs in the furtherance of a robbery, all who participated, including those physically absent from the scene of the crime, are equally responsible provided that the homicide was committed by the defendant or an accomplice acting in furtherance of the felonious undertaking. *E.g., Com. v. Williams,* 443 Pa. 85, 277 A. 2d 781 (1971); *Com. ex rel. Smith v. Myers,* 438 Pa. 218, 261 A. 2d 550 (1970); *Com. v. Batley,* 436 Pa. 377, 260 A. 2d 793 (1970). On the other hand, this Court has held that although there is a conspiracy to commit robbery, one of the conspirators will have a valid defense to a murder charge if the accomplice voluntarily abandons the scheme appreciably before the homicide occurs, giving his fellow conspirators sufficient time to follow his example. *Com. v. Doris,* 287 Pa. 547, 135 A. 313 (1926). *See also,* 40 Am. Jur. 2d *Homicide,* §§40, 125 (1968); 40 C.J.S. *Homicide* §9(e)(3) (1944); 1 Wharton's Criminal Law and Procedure §110 (1957). We are of the opinion that appellant's testimony does not meet the criteria of this defense and that the court below properly accepted appellant's guilty plea.

Accepting appellant's testimony, there is no doubt that appellant, unlike Frank Doris, voluntarily with-

drew from the common design. However, appellant's testimony demonstrates his abandonment was well nigh simultaneous with the fatal shot. He did not leave the taxicab until the "triggerman" revealed the pistol and ordered the cab driver to stop. Considering appellant's distance of thirty-five to fifty feet from the taxicab at the time of the shot, his abrupt departure from the taxicab preceded the shot by scant seconds. Although appellant's co-felon in the back seat joined appellant's exit, there is no assertion that any communication was relayed to the actual killer other than appellant's departure. "The guilt of one engaging in an unlawful enterprise consists in part in the encouragement and support that he gives to those who commit the crime; and the influence and effect of such encouragement continue until he withdraws the encouragement by acts or words showing that he disapproves or opposes the contemplated crime. He cannot escape responsibility merely by the expedient of running away." 40 Am. Jur. 2d *Homicide* §40 (1968).

Appellant next contends that his plea of guilty was not knowingly and intelligently entered. Certain facts are stressed in support of this contention: (1) he was sixteen years of age at the time of trial with a reduced intellect;* (2) appellant's mother and his counsel essentially made the decision to plead guilty rather than appellant and (3) the plea was unintelligently entered as counsel led appellant to believe his guilty plea could be withdrawn if there was merit to his defense of withdrawal. From our examination of the record, we are not persuaded by the first and second points. *See, e.g., Com. v. Moore,* 440 Pa. 86, 90-91, 270 A. 2d 200, 203

---

* School reports dated four years before the homicide indicated appellant's "mentality placed him at the lower end" and that he had an Intelligence Quotient of 65. There is no direct evidence of his intelligence at the time of trial.

(1970). In light of our earlier conclusion that appellant could not successfully invoke the defense of withdrawal, trial counsel correctly viewed appellant's exit as a possible mitigating factor rather than a complete defense. Accordingly, the facts surrounding appellant's departure were fully presented to the court below. Had the defense of withdrawal been established on these facts, the court below would have erred, under *Roundtree,* by not ordering a withdrawal of the plea. We are of the opinion that appellant's guilty plea was intelligently made.

Since it is well settled that evidence of good character is admissible in a murder trial and is to be regarded as evidence of a substantive fact like any other evidence tending to establish innocence, *e.g., Com. v. Aston,* 227 Pa. 106, 75 Atl. 1017 (1910), appellant contends the trial court erred when it rebuffed counsel's attempt to introduce character and reputation testimony prior to the adjudication of guilt; this evidence was subsequently received for sentencing purposes. In light of the reason for this rule of evidence—the defendant in a criminal case is permitted to prove his good character in order to negative his participation in the acts charged, I Wigmore on Evidence, §55 (3d ed. 1940)—one can seriously question the relevance of such evidence following a guilty plea to an indictment charging felony-murder. Despite the burden placed on the Commonwealth to prove all the elements of first degree murder after a guilty plea to murder generally, *e.g., Com. ex rel. Kerekes v. Maroney,* 423 Pa. 337, 223 A. 2d 699 (1966), a guilty plea in a felony-murder case normally removes the issue of participation; the other issues that the Commonwealth must prove, such as whether the homicide occurred in furtherance of the felony, are unaffected by evidence of the accused's good character where the accused is not the actual slayer.

In any event, coupled with counsel's failure to object to the court's delayed receipt of appellant's character evidence, we are of the opinion that the trial court did not commit any fundamental error.

Lastly, appellant contends his trial counsel was ineffective for three reasons: (1) counsel failed to move for a withdrawal of the guilty plea and assert the defense of withdrawal; (2) counsel failed to correct the court's mistaken impression that appellant was seventeen years of age at the time of the offense whereas appellant was one month short of sixteen; and (3) counsel unrealistically emphasized the charges of the death penalty. The first argument has been fully treated earlier and the second is insignificant. The third contention may be persuasive in the proper case; however, this element was but one factor in counsel's trial strategy. Viewing counsel's principal objective to obtain a lesser conviction even though the Commonwealth proceeded on a theory of felony-murder, *cf., Com. v. Hoffman*, 439 Pa. 348, 266 A. 2d 726 (1970), we are of the opinion that, "the particular course chosen by counsel had *some reasonable basis* designed to effectuate his client's interests". *Com. ex rel. Washington v. Maroney*, 427 Pa. 599, 604, 235 A. 2d 349, 352 (1967).

Judgment of sentence affirmed.

Mr. Justice EAGEN concurs in the result.

Mr. Justice COHEN took no part in the decision of this case.

---

CONCURRING OPINION BY MR. JUSTICE ROBERTS:

Although I concur in the result, I find many of the views contained in the majority opinion to be wholly unacceptable. I am thus impelled to explain my disagreements.

## I.  Guilty Plea

I agree with the majority that the trial court did not in the instant case violate the settled rule that "if a defendant pleads guilty to a criminal charge and in the next breath contravenes the plea by asserting facts which, if true, would establish that he is not guilty, then his guilty plea is of no effect and should be rejected." *Commonwealth v. Roundtree,* 440 Pa. 199, 202, 269 A. 2d 709, 711 (1970). See also, *United States ex rel. Crosby v. Brierley,* 404 F. 2d 790, 801-02 (3d Cir. 1968); *Hulsey v. United States,* 369 F. 2d 284, 287 (5th Cir. 1966).

The necessary elements of the defense of prior withdrawal were definitively set forth by this Court in *Commonwealth v. Doris,* 287 Pa. 547, 135 Atl. 313 (1926): "[The defendant] joined in the common design, and is responsible for the acts of each naturally to be expected to occur in carrying it out. It is true that he could have abandoned the enterprise, and given sufficient time to the others to do likewise, and thus have relieved himself from liability for subsequent acts of his fellows. But he cannot escape responsibility for an act which is the probable consequence of the criminal scheme which he has helped to devise and carry forward. To have this result, there must be an actual and effective voluntary withdrawal before the act in question has become so imminent that its avoidance is practically out of the question. . . ." *Id.* at 551-52, 135 Atl. at 315 (citations omitted).

Shortly after his plea of guilty to murder generally, appellant testified at the degree of guilt hearing that he had bolted from the taxicab *after* his co-felon had drawn a pistol and that he was but thirty-five to fifty feet away when the co-felon fatally shot the driver. Since appellant by his own admission "withdrew" only after the murder weapon had already been brandished

and his flight occurred only a few scant seconds before the homicide, his testimony at the degree of guilt hearing did not establish a defense to the felony murder charge.

The majority opinion continues, however, by propounding the following dictum: "[A] guilty plea coupled solely with a flat denial of responsibility is entirely separate and distinct from a guilty plea accompanied by an assertion of facts establishing an affirmative defense; in the latter situation, it is error to accept the guilty plea." This is surely a distinction without a difference, unsupported by either reason or precedent.

One rationale underlying the rule forbidding the acceptance of a guilty plea coupled with a substantially contemporaneous assertion of exculpatory facts is the recognition that such a situation raises a substantial possibility that the plea is not voluntary and understanding. See *Commonwealth v. Roundtree*, supra, 440 Pa. at 202, 269 A. 2d at 711. The rule also reflects a wholesome reluctance to permit an innocent person to seal his own doom, for the proper administration of criminal justice certainly requires a concern for the acquittal of the innocent as well as the conviction of the guilty. It would seem indisputable that these same concerns are equally applicable to "a guilty plea coupled solely with a flat denial of responsibility". Thus, the American Bar Association Project on Minimum Standards for Criminal Justice has concluded: "On the other hand, if the defendant is called upon to make a statement and he denies commission of the offense, then, notwithstanding the existence of other information tending to verify the accuracy of the plea, it would be inappropriate for the judge to enter judgment on the plea." Standards Relating to Pleas of Guilty §1.6, Commentary (Approved Draft, 1968).

Nor is the majority's distinction in any way supported by prior decisions of this Court. The majority opinion cites *Commonwealth v. Cottrell,* 433 Pa. 177, 249 A. 2d 294 (1969), but that decision explicitly and unequivocally rejects the majority's present position. Writing for a unanimous Court in *Cottrell,* Mr. Justice EAGEN stated: "[W]here the accused at the time of arraignment does not know, or asserts that he does not know, whether he has committed the crime, a plea of guilty to that crime should be accepted with great caution. However, such a situation, as the one just described, is not to be equated with a situation where the accused admits his guilt in one breath, but in the next proclaims his innocence. *The latter clearly would not be a sufficient plea upon which to enter a judgment.*" Id. at 178-79, 249 A. 2d at 295 (emphasis added).

The majority's reliance upon *North Carolina v. Alford,* 400 U.S. 25, 91 S. Ct. 160 (1970), is equally misplaced. In *Alford,* the United States Supreme Court held that a state trial court commits no *federal constitutional* error when it accepts a guilty plea accompanied by a protestation of innocence when there is other strong evidence of the defendant's actual guilt. Had our prior decisions in this area been reluctantly arrived at under the compulsion of analogous United States Supreme Court decisions, the *Alford* decision might indeed be an appropriate signal for reexamination and reevaluation of our prior case law. That, however, was not the case. *Cottrell* and *Roundtree* were salutary when decided and are equally salutary today. That they may no longer be constitutionally compelled is no reason why this Court should summarily disavow them.

In sum, I believe that a guilty plea should not be accepted if coupled either (a) with the assertion of exculpatory facts or (b) with a proclamation of innocence.

## II.  Character Evidence

I likewise concur with the conclusion that the exclusion of evidence of appellant's good character from the degree of guilt hearing was not reversible error, but I do so *solely* on the ground that appellant failed to object to the court's deferral of the receipt of such evidence until after the fixing of the degree of guilt.

It has long been the law that a defendant in a murder trial may introduce evidence of his own good character in order to attempt to convince the trier of fact of his innocence. See, e.g., *Commonwealth v. Aston,* 227 Pa. 106, 75 Atl. 1017 (1910); 1 Wigmore on Evidence §55 (3d Ed. 1940). This same rule of admissibility should likewise prevail at a degree of guilt hearing following a plea of guilty to murder generally.

In this Commonwealth there is no such thing as a plea of guilty to *first degree* murder. If the prosecution desires to obtain such a conviction following a plea of guilty to a charge of murder, it must prove all of the elements of first degree murder beyond a reasonable doubt. See, e.g., *Commonwealth ex rel. Andrews v. Russell,* 420 Pa. 4, 6, 215 A. 2d 857, 858 (1966); *Commonwealth v. Kurus,* 371 Pa. 633, 637, 92 A. 2d 196, 198 (1952); *Commonwealth v. Chapman,* 359 Pa. 164, 58 A. 2d 433 (1948); *Commonwealth v. Iacobino,* 319 Pa. 65, 178 Atl. 823 (1935). In other words, the Commonwealth must establish that the homicide was "willful, deliberate and premeditated" *or* that it occurred in the commission or attempt to commit any one of certain enumerated felonies. Act of June 24, 1939, P. L. 872, §701, as amended, 18 P.S. §4701. In either case, evidence of the accused's good character would be relevant to negate willfulness, deliberation and premeditation or, if the prosecution's theory be felony murder, to raise a reasonable doubt as to his participation in the felony.

Despite the above, the majority declares that "a guilty plea in a felon-murder case normally removes the issue of participation." I can find no basis for this assertion. Appellant only pleaded guilty to murder, and in so pleading he did not admit participation in robbery or any other felony or forego his right to raise any defense to *first degree* murder.

Mr. Justice O'Brien joins in this concurring opinion.