## Commonwealth *v.* Rodgers, Appellant.

Submitted November 8, 1971. Before BELL, C. J., JONES, EAGEN, O'BRIEN, ROBERTS, POMEROY and BARBIERI, JJ.

314

*Faust Mattioni,* for appellant.

*Richard Max Bockol* and *Milton M. Stein,* Assistant District Attorneys, *James D. Crawford,* Deputy District Attorney, *Richard A. Sprague,* First Assistant District Attorney, and *Arlen Specter,* District Attorney, for Commonwealth, appellee.

OPINION PER CURIAM, December 29, 1971:
Order affirmed.

---

DISSENTING OPINION BY MR. JUSTICE ROBERTS:
I dissent because the record indicates the assertion of facts by appellant totally inconsistent with his guilt of murder. His statement, "I do plead guilty to accident shooting . . .", is insufficient to support a factual basis for a plea of guilty to murder. ABA Project on Minimum Standards for Criminal Justice, Standards Relating to Pleas of Guilty §1.6, Commentary (Approved Draft, 1968); *Commonwealth v. Sampson,* 445 Pa. 558, 285 A. 2d 480 (1971) (concurring opinion).

---

DISSENTING OPINION BY MR. JUSTICE POMEROY:
At defendant's arraignment on a charge of murder, the court conducted an extensive colloquy to determine whether appellant was fully aware of the consequences of entering a plea of guilty. During this colloquy the

judge inquired of appellant, ". . . is your proposed plea of guilty to this indictment freely and voluntarily given by you, and without compulsion by anyone?" Replied appellant: "I do plead guilty to accident [sic] shooting of Grant." Without further examination of appellant as to what he meant by "accident shooting", the court accepted the plea.

Subsequently, at the degree of guilt hearing, appellant testified, and his testimony was corroborated by a defense witness, that the decedent was shot when appellant attempted to wrest a pistol from the grasp of another person.

On this appeal, appellant alleges that his guilty plea, resulting in a second degree murder conviction, was not knowingly entered and should not have been accepted by the lower court. In my view, this argument is well founded, and I am therefore obliged to dissent from the affirmance of the judgment of sentence.

(1) A complete reading of the colloquy would lead one to believe that appellant probably intended to plead guilty, but I can nowhere find that he did in fact do so. Clearly, pleading guilty to "accident shooting" is not pleading guilty to murder. The very use of this phrase should have put the hearing judge on notice that appellant may not have been aware of the elements constituting murder, but the colloquy nowhere sets forth these elements, or establishes that appellant understood them. Acceptance of the plea tendered by this appellant was contrary to the principle, axiomatic in this Commonwealth, that a guilty plea should not be accepted until the trial court has satisfied itself (1) that the defendant understands the meaning of the charge and the consequences of pleading guilty, and (2) that the acceptance of the plea will not result in a miscarriage of justice. *Commonwealth v. Cottrell*, 433 Pa. 177, 249 A. 2d 294 (1969); *Commonwealth v. Garrett*, 425

Pa. 594, 229 A. 2d 922 (1967); *Commonwealth ex rel. Kerekes v. Maroney*, 423 Pa. 337, 223 A. 2d 699 (1966).

(2) Assuming, *arguendo*, that appellant did plead guilty to murder, his subsequent testimony as to how the victim's death occurred negated the validity of the original plea. As stated by this Court in *Commonwealth v. Roundtree*, 440 Pa. 199, 202, 269 A. 2d 709 (1970): "If a defendant pleads guilty to a criminal charge, and in the next breath contravenes the plea by asserting facts which, if true, would establish that he is not guilty, then his guilty plea is of no effect and should be rejected." See also *Commonwealth v. Sampson*, 445 Pa. 558, 285 A. 2d 480 (1971); *Commonwealth v. Shank*, 446 Pa. 59, 285 A. 2d 479 (1971); *Commonwealth v. Blackman*, 446 Pa. 61, 285 A. 2d 521 (1971).

I respectfully dissent.

Mr. Justice EAGEN joins in this dissent.