Commonwealth *v.* Martinas, Appellant.

W. *Peter Barnes,* Assistant Public Defender, for appellant.

*F. Ned Hand,* Assistant District Attorney, and *William H. Lamb,* District Attorney, for Commonwealth, appellee.

OPINION BY SPAETH, J., June 14, 1973:

This is an appeal from the denial of appellant's second petition for relief under the Post Conviction Hearing Act, which raised the same issue as was raised in his first petition.

Appellant pleaded guilty to charges of burglary, robbery, and possession of narcotics. A police officer and appellant related similar stories as to the burglary and robbery. However, there was no evidence to support a conviction for possession of narcotics. Appellant admitted he had used narcotics, and the police officer said appellant acted as if he were high; there was no indication that narcotics were found in appellant's possession. The lower court nevertheless accepted appellant's pleas on all three charges, and sentenced him to one to five years for burglary, one to five years for possession of narcotics, and five to twenty years for robbery, the sentences to run consecutively.

Under The Drug, Device and Cosmetic Act in effect at the time of sentencing, the longest sentence appellant

could have received for use of narcotics would have been one year. Act of September 26, 1961, P. L. 1664, §20, as amended, 35 P.S. §780-20.

Appellant seems to have a meritorious claim under the doctrine of *Commonwealth v. Sampson,* 445 Pa. 558, 285 A. 2d 480 (1971), which held that a guilty plea should not be accepted if facts are adduced at the hearing that indicate that appellant might have a defense to the charge. Appellant presented this claim in his first Post Conviction Hearing Act petition, but the hearing judge denied relief. It is argued to us that appellant intended to appeal the denial but that as a result of a misunderstanding with counsel an appeal was never taken.

Since the *Sampson* claim was litigated in the first petition we affirm the decision of the lower court denying appellant's second petition, without prejudice, however, to appellant's right to file a request with the lower court for leave to file an appeal nunc pro tunc from the denial of the first petition. I am aware that appellant has filed such a request with this court, and that it was denied. That denial, however, was proper, as a hearing will be necessary to determine whether the request should be granted, and should not prejudice a request filed, as it should have been, with the lower court.

The order of the court below is affirmed.