538 A.2d 773

**John Henry SHEPPARD**

v.

**STATE of Maryland.**

**No. 16, Sept. Term, 1987.**

Court of Appeals of Maryland.

March 11, 1988.

Laurie I. Mikva, Asst. Public Defender (Alan H. Murrell, Public Defender, on the brief), Baltimore, for appellant.

John S. Bainbridge, Jr., Asst. Atty. Gen. (J. Joseph Curran, Jr., Atty. Gen., on the brief), Baltimore, for appellee.

Argued before MURPHY, C.J., and COLE, RODOWSKY, McAULIFFE, ADKINS, and BLACKWELL, JJ.

BLACKWELL, Judge.

When two or more persons participate in a criminal offense, each is ordinarily responsible for the acts of the

other done in furtherance of the commission of the offense and the escape therefrom. *Veney v. State*, 251 Md. 159, 246 A.2d 608 (1968), *cert. denied*, 394 U.S. 948, 89 S.Ct. 1284, 22 L.Ed.2d 482 (1969); *Fabian v. State*, 235 Md. 306, 201 A.2d 511 (1964), *cert. denied*, 379 U.S. 869, 85 S.Ct. 135, 13 L.Ed.2d 72 (1964). We granted *certiorari* to determine whether the apprehension of one of the parties to an offense during the escape from the commission of the offense terminates that individual's liability as an accomplice. For the reasons hereinafter expressed, we conclude that Petitioner's involuntary withdrawal from the criminal transaction does not terminate his liability as an accomplice.

I

Around 11:15 a.m. on February 1, 1985, Petitioner John Henry Sheppard ("Sheppard") and two other men, one of whom was armed, robbed the two women attending the cash registers at Ye Olde Farm Spirit Shoppe in Anne Arundel County. As the three men ran from the store to a getaway car operated by a fourth man, the armed offender fired at a deliveryman who was in the store during the robbery and who had pursued the three men as they fled the store. About two minutes after the robbery and within a mile of the store, the getaway car was sighted by a detective in an unmarked police vehicle. The detective radioed for assistance and a minute later two marked cars as well as the detective were following the getaway car. After following the car for about a mile until it had reached a less populated area, the police activated their emergency equipment and the getaway car pulled over to the side of the road. Over a public address system, one of the officers ordered the occupants of the car to put their hands in plain view. When the occupants of the car raised their hands above their heads, the officer ordered the driver of the car to turn off the ignition and to throw the keys out of the window. Rather than surrender control of the vehicle, the driver accelerated the car and the police fired at the vehicle

deflating the rear tires and exploding the rear window. Disabled from the gunfire, the car collided with a parked pickup truck about a quarter of a mile away. Sheppard was apprehended by the police while attempting to climb out of the rear window of the car. The three other men ran across a field heading towards a wooded area. Two of the police officers, Officers Ballam and Falls, pursued the three men and one of the three men fired several shots at the officers during the chase. Moments later, Ballam and Falls apprehended two of the three men.

In a jury trial in the Circuit Court for Anne Arundel County (Goudy, J.), Sheppard was convicted of two counts of armed robbery, use of a handgun in the commission of a crime of violence, and three counts of assault with intent to murder.[1] Of the three assault with intent to murder convictions, one was based on the shot fired at the deliveryman and the other two were based on the shots fired at Officers Ballam and Falls. Sheppard appealed the latter two assault with intent to murder convictions to the Court of Special Appeals arguing that he was not criminally responsible for the offenses because he was in police custody when the shots were fired by the unapprehended cofelon. In an unreported, *per curiam* opinion, the Court of Special Appeals concluded that Sheppard's apprehension by the police did not terminate his liability as an accomplice and affirmed the convictions. We now affirm the judgment of the intermediate appellate court.

## II

Sheppard challenges the convictions on two grounds. Sheppard's initial contention is that he was not an accomplice to the offenses against the police officers because he did not aid and abet the commission of the crimes.

As a general rule, when two or more persons participate in a criminal offense, each is responsible for the commission

---

1. Sheppard was also convicted of ten other offenses which were merged at sentencing.

of the offense and for any other criminal acts done in furtherance of the commission of the offense or the escape therefrom. *Veney v. State, supra,* 251 Md. at 174, 246 A.2d at 617; *Fabian v. State, supra,* 235 Md. at 317, 201 A.2d at 517. *See generally* 2 W. LaFave & A. Scott, Jr., *Substantive Criminal Law* §§ 6.6–6.8 (1986); W. Clark & W. Marshall, *Law of Crimes* §§ 8.00–8.15 (1958); 1 Wharton, *Criminal Law* §§ 29–38 (14th ed. 1978, 1987 Cum. Supp.). For each offense committed, all participants but the actual perpetrator (or perpetrators) are "accomplices."

An accomplice is a person who, as a result of his or her status as a party to an offense, is criminally responsible for a crime committed by another. *See* L. Hocheimer, *Crimes and Criminal Procedure* § 21 at 24 (2d ed. 1902); 2 W. LaFave & A. Scott, Jr., *supra,* § 6.7 at 136; W. Clark & W. Marshall, *supra,* § 8.00 at 505; 1 Wharton, *supra,* § 38 at 191. This responsibility, known as accomplice liability, takes two forms: (1) responsibility for the planned, or principal offense (or offenses), and (2) responsibility for other criminal acts incidental to the commission of the principal offense. W. Clark & W. Marshall, *supra,* § 8.08 at 531. In order to establish complicity for the principal offense, the State must prove that the accused participated in the offense either as a principal in the second degree (aider and abettor) or as an accessory before the fact (inciter).[2] *Id.* In order to establish complicity for other crimes committed during the course of the criminal episode, the State must prove that the accused participated in the

---

**2.** An accessory after the fact (criminal protector) is no longer treated as a party to the felony. As we explained in *Osborne v. State,* 304 Md. 323, 330, 499 A.2d 170, 173 (1985) (quoting W. LaFave & A. Scott, Jr., *Handbook on Criminal Law* § 66 at 524 (1972)):

"This development whereby the accessory after the fact is dealt with in a distinct way is a most appropriate one and does not conflict at all with the modern tendency to abolish the distinctions between principals in the first degree, principals in the second degree, and accessories before the fact. The latter three types of offenders have all played a part in the commission of the crime and are quite appropriately held accountable for its commission. The

principal offense either as a principal in the first degree (perpetrator), a principal in the second degree (aider and abettor) or as an accessory before the fact (inciter) and, in addition, the State must establish that the charged offense was done in furtherance of the commission of the principal offense or the escape therefrom. *Id.; Veney v. State, supra,* 251 Md. at 174, 246 A.2d at 617; *Fabian v. State,* 235 Md. at 317, 201 A.2d at 517.

■ In the case at bar, the principal offense was the armed robbery of the two women at the liquor store. The aggravated assaults against the police officers, perpetrated during the escape from the commission of the robbery, were secondary or incidental offenses. Thus, contrary to Sheppard's contention that his responsibility for the aggravated assaults is dependent upon proof that he aided and abetted the commission of those offenses, Sheppard's complicity rests on the fact that he aided and abetted the armed robbery.[3] Accordingly, we find no merit to this contention.

Sheppard's second contention is that his apprehension by the police constitutes a withdrawal from the criminal trans-

---

accessory after the fact, on the other hand, had no part in causing the crime; his offense is instead that of interfering with the processes of justice and is best dealt with on those terms."
*See also Watson v. State,* 208 Md. 210, 220, 117 A.2d 549, 554 (1955).

**3.** For the armed robbery charges, the jury was instructed on the law of aiding and abetting. For the assault with intent to murder charges, the jury was instructed, in relevant part and with emphasis added, that:

"There is no requirement that the accused actually aided and abetted in the commission of the assault with intent to murder itself. It is sufficient that the accused being present—he's got to be present—did aid and abet in the criminal transaction of the armed robbery and if you further find that the assault with intent to murder was the *natural and probable consequence* of the armed robbery, the defendant may not escape legal liability for the acts that occur within that same continuous transaction."

The "natural and probable consequence" language has been disapproved by Professors LaFave & Scott and by the authors of the Model Penal Code. W. LaFave & A. Scott, Jr., *Substantive Criminal Law* § 6.8(b) (1986); Model Penal Code § 2.06 (1985) and accompanying

action and therefore terminates his liability as an accomplice.

In P. Robinson, *Criminal Law Defenses* § 81(a) at 346–47 (1984, 1987 Cum.Supp.) the author explains:

"Under normal liability rules, an offense is complete and criminal liability attaches and is irrevocable as soon as the actor satisfies all the elements of an offense. Thus, where the offender takes property of another with the intention to permanently deprive him of it, but later changes his mind and returns it, he is nonetheless guilty of theft. But where the offense is an inchoate offense—attempt, conspiracy, solicitation, or facilitation—or where liability is based on a complicity theory, the law may give the offender the opportunity to escape liability, even after he has satisfied the elements of these offenses, by renouncing, abandoning, or withdrawing from the criminal enterprise."

On withdrawal from the criminal enterprise, Professors LaFave and Scott state:

"One who has given aid or counsel to a criminal scheme sufficient to otherwise be liable for the offense as an accomplice may sometimes escape liability by withdraw-

---

commentary. *See also* Maryland Proposed Criminal Code § 20.00 (1972). As stated in the Model Penal Code § 2.06 at 312 n. 42:
"To say that the accomplice is liable if the offense committed is 'reasonably foreseeable' or the 'probable consequence' of another crime is to make him liable for negligence, even though more is required in order to convict the principal actor. This is both incongruous and unjust; if anything the culpability level for the accomplice should be higher than that of the principal actor, because there is generally more ambiguity in the overt conduct engaged in by the accomplice, and thus a higher risk of convicting the innocent."
While we disagree that the natural and probable consequence rule predicates liability on a negligence *mens rea,* we do agree that tort standards of foreseeability have no place in criminal complicity law. Thus, consistent with the rules of complicity in conspiracy law and under the felony murder doctrine, we prefer the language "in furtherance of the commission of the offense and the escape therefrom." *See Campbell v. State,* 293 Md. 438, 444 A.2d 1034 (1982) (felony murder); W. Clark & W. Marshall, *Law of Crimes* § 9.00 (1958) (conspiracy); R. Perkins & R. Boyce, *Criminal Law* Ch. 6 § 5(F) (3d ed. 1982) (same).

ing from the crime. A mere change of heart, flight from the crime scene, or an uncommunicated decision not to carry out his part of the scheme will not suffice. Rather, it is necessary that he (1) repudiate his prior aid, or (2) do all that is possible to countermand his prior aid or counsel, and (3) do so before the chain of events has become unstoppable."

W. LaFave & A. Scott, Jr., *supra*, § 6.8(d) at 162 (footnotes omitted). With respect to the necessity of a voluntary withdrawal from the criminal enterprise, Professor Lanham, in his article *Accomplices and Withdrawal*, 97 L.Q. Rev. 575, 575–79 (1981), writes:

"Plowden implies that repentance is a necessary condition for effective withdrawal and this condition is stated expressly by Coke and Hale. This suggests that the withdrawal should be for a commendable motive or at least should be a free one rather than one forced upon the accomplice.

*   *   *   *   *   *

The law should encourage persons who participate in criminal arrangements to change their mind [sic] and take steps to prevent the crime reaching consummation but the law does not need to hold out a similar incentive to those who are in effect forced to pull out of the criminal enterprise."

To the same effect, *see* W. Clark & W. Marshall, *supra*, § 8.11 at 537–38.

We think, in the circumstances of this case, that Sheppard's arrest was an involuntary withdrawal from the criminal enterprise and therefore ineffective to terminate his liability as an accomplice. *See State v. Amaro*, 436 So.2d 1056 (Fla.Dist.Ct.App. 1983); *Commonwealth v. Doris*, 287 Pa. 547, 135 A. 313 (1926).

JUDGMENT OF COURT OF SPECIAL APPEALS AFFIRMED. PETITIONER TO PAY COSTS.