Howard WHITE, Petitioner,

v.

Donald T. VAUGHN, Respondent.

Civil Action No. 02–767.

United States District Court, E.D. Pennsylvania.

July 29, 2003.

Howard White, Pro Se, Graterford, PA, for Petitioner.

Thomas W. Dolgenos, District Attorney's Office, Philadelphia, PA, Marilyn F. Murray, District Attorney of Philadelphia, Philadelphia, PA, for Respondents.

## MEMORANDUM OPINION AND ORDER

RUFE, District Judge.

Petitioner Howard White has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. On March 19, 2002 the Honorable Harvey Bartle, III referred the instant petition to United States Magistrate Judge Arnold C. Rapoport ("Judge Rapoport") for a Report and

Recommendation, which was filed on June 6, 2003.[1] Judge Rapoport recommended that the instant petition be denied and dismissed without prejudice based on his finding that the petition contained both exhausted and unexhausted claims. Thereafter, Respondent filed Objections to Judge Rapoport's Report and Recommendation. After a *de novo* consideration of the record, the Report and Recommendation, and the Objections of Respondent, the petition will be remanded to the United States Magistrate Judge for disposition on the merits.

## FACTUAL AND PROCEDURAL HISTORY

On October 27, 1982 at approximately 3:15 p.m., Fred Rainey was fatally shot while standing on a sidewalk in Philadelphia, Pennsylvania. Petitioner and two co-conspirators were subsequently arrested. At trial,[2] the Commonwealth presented four eye-witnesses who testified that the three co-defendants were seated in a blue Gremlin hatchback having a discussion with the victim who was standing outside the car. An argument of an unidentified nature ensued and the victim was shot multiple times as he attempted to flee. An autopsy revealed that the deceased suffered five bullet tracks in his body from at least four gunshots to his chest, abdomen and extremities.

A jury subsequently found Petitioner and his two co-defendants guilty of first degree murder and criminal conspiracy. Petitioner was sentenced to a term of life imprisonment on the first degree murder charge and to a consecutive term of five to ten years imprisonment for criminal conspiracy. A direct appeal was filed with the

---

1. This case was reassigned to this judge pursuant to Eastern District of Pennsylvania procedures for random reassignment of cases on June 14, 2002.

2. The Court has adopted a summary of the facts as set forth in Judge Biunno's Opinion dated February 11, 1987. *See* Opinion, Biunno, J., at 2–5.

Pennsylvania Superior Court claiming that a new trial was warranted because: (1) the prosecutor made improper comments during closing arguments; and (2) after-discovered evidence existed that would impeach the credibility of the Commonwealth witness, Charles Atwell ("Atwell"). On August 31, 1987, the Superior Court affirmed the judgments of sentence, and Petitioner did not seek discretionary review in the Pennsylvania Supreme Court.

On April 11, 1996, Petitioner filed the first of two *pro se* petitions pursuant to the Post–Conviction Relief Act ("PCRA"). *See* 42 Pa. Cons.Stat. Ann. §§ 9541–46. In the first PCRA petition, Petitioner claimed that witness Atwell was supplied sexual favors in exchange for his alleged false eyewitness testimony implicating Petitioner ("sexual favors claim"). Petitioner was appointed counsel, who filed an amended petition on his behalf detailing the sexual favors claim. Following an evidentiary hearing on February 18 and 19, 1997, the PCRA Court rejected Petitioner's claims. Thereafter, Petitioner filed a Notice of Appeal with the Superior Court, claiming that his due process rights were violated when the prosecution failed to disclose to the defense that Atwell had been provided sexual favors in exchange for testimony. On August 11, 2000, the Superior Court affirmed the denial of PCRA relief, and thereafter on February 21, 2000, the Pennsylvania Supreme Court denied allocatur. *Commonwealth v. White,* 565 Pa. 644, 771 A.2d 1284 (2001).

Petitioner then filed the instant *pro se* Petition for Writ of Habeas Corpus on February 13, 2002, advancing the following claims:

(1) The trial court's jury instructions on accomplice liability and specific intent denied him due process in that they relieved the Commonwealth of the burden of proving the requisite specific intent for first degree murder.

(2) Trial counsel rendered ineffective assistance in failing to object to the trial court's jury instructions on reasonable doubt.

(3) Petitioner was denied the right to counsel at a "critical stage" of his criminal proceeding in that his attorney was not present at a post-verdict hearing held in the case of co-defendant, Andre Harvey.

(4) The Prosecutor improperly (a) withheld exculpatory evidence of a potential defense witness, Marlon Banks, and (b) failed to disclose that Commonwealth witness Atwell was improperly extended sexual favors and personal visits in exchange for his cooperation in violation of Petitioner's due process rights.

Approximately two days after filing the instant petition, Petitioner filed a second *pro se* PCRA petition in the trial court on February 15, 2002, advancing most of the claims he raised in the instant Habeas petition, save the sexual favors claim presented in the first PCRA petition. On December 9, 2002, the PCRA Court dismissed the second *pro se* petition as untimely, a ruling from which Petitioner did not appeal.

On June 6, 2003, Judge Rapoport filed a Report and Recommendation in which he recommended that the petition be denied and dismissed without prejudice and without an evidentiary hearing. Having no independent knowledge that the second PCRA petition was ruled upon, Judge Rapoport found that the claims raised in the second PCRA petition were unexhausted. The unexhausted claims, taken together with the "sexual favor" exhausted claim from the first PCRA petition permitted Judge Rapoport to recommend the dismissal of the instant habeas petition pursuant to *Rose v. Lundy,* 455 U.S. 509, 518, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982). Thus, the issue presently before the Court

is whether the dismissal of the second *pro se* PCRA petition gives this Court jurisdiction to entertain the instant habeas petition on its merits.

## DISCUSSION

■ Section 2254(b) of the United States Code states that "[a]n application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State...." 28 U.S.C. § 2254(b). In kind, "[e]xhaustion requires that a petitioner provide each level of state court a fair opportunity to act on his claims." *Terry v. Gillis,* 93 F.Supp.2d 603, 609 (E.D.Pa.2000) (citing *Doctor v. Walters,* 96 F.3d 675, 678 (3d Cir.1996); *see also O'Sullivan v. Boerckel,* 526 U.S. 838, 845, 119 S.Ct. 1728, 144 L.Ed.2d 1 (1999) (explaining that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review procedures"). The United States Supreme Court has reasoned that the "exhaustion doctrine is principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose,* 455 U.S. at 518, 102 S.Ct. 1198 (holding that a total exhaustion rule promotes comity and does not unreasonably impair the prisoner's right to relief); *see also Duarte v. Hershberger,* 947 F.Supp. 146, 150 (D.N.J.1996) (refusing to exercise the discretion to hear unexhausted claims under 28 U.S.C. § 2254(c) because the "total exhaustion rule continues to furnish state appellate courts the initial opportunity to correct trial court decisions").

■ Notwithstanding the exhaustion requirement, a district court may decide all claims that are exhausted and not time-barred where it would be futile to return a claim to state court because the claim would be time-barred and therefore not heard on the merits. *See Toulson v. Beyer,* 987 F.2d 984, 987 (3d Cir.1993) (explaining that "[a] petition containing unexhausted but procedurally barred claims in addition to exhausted claims, is not a mixed petition requiring dismissal under *Rose* "); *see also Terry,* 93 F.Supp.2d at 610–11 (explaining that the technical requirements of exhaustion are met when procedural rules prevent petitioner from raising his claim to every level of the state courts for review). However, "claims deemed procedurally defaulted are prohibited from federal review on the merits unless petitioner can show 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default." *Id.*

■ To overcome the procedural bar of a defaulted claim, "Petitioner must show that an objective factor external to the defense hindered or prohibited him from complying with the applicable state procedural rules." *Id.* More specifically, procedurally barred claims may be considered "only if the petitioner shows good cause for the procedural default and prejudice, or actual innocence." *Campbell v. Meyers,* No. Civ.A.97–4984, 1999 WL 793509, at *2 (E.D.Pa. Oct.6, 1999) (citing *Bousley v. United States,* 523 U.S. 614, 118 S.Ct. 1604, 140 L.Ed.2d 828 (1998)).

■ In this case, the Court notes that Judge Rapoport's Report and Recommendation did not consider the dismissal of Petitioner's second petition for post-conviction relief. Because the second petition was dismissed as untimely, the instant habeas petition contains both exhausted and procedurally defaulted claims. The exhausted claim must be considered on the merits. The procedurally barred claims can be considered on the merits only if there is cause for the procedural default and prejudice from lack of consideration,

or a fundamental miscarriage of justice with regard to Petitioner's conviction. The instant petition will be remanded to the Magistrate Judge for a Report and Recommendation in accordance with this opinion.

An appropriate Order follows.

### ORDER

**AND NOW,** this 29th day of July, 2003, upon careful and independent consideration of the pleadings and record, and after review of the Report and Recommendation of United States Magistrate Judge Arnold C. Rapoport [doc. no 16], and Respondents' Objections thereto [doc. no. 17], it is hereby **ORDERED:**

1. The Report and Recommendation is **NOT APPROVED.**

2. The matter is **REMANDED** to the United States Magistrate Judge for consideration on the merits of the exhausted claim and claims procedurally defaulted where cause and prejudice or a fundamental miscarriage of justice has been established.